# United States Bankruptcy Court

### Eastern District of Pennsylvania
### Philadelphia Division

In re:  **Rodney S. Davis and Marlene Moyer-Davis**                    Case No. _____

                                                                                                    (If Known)

Debtors

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts of all claims from Schedules A, B, D to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities."

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 3 | $11,800.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $4,755.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Non Priority Claims | Yes | 3 | | $42,490.38 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $1,829.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $1,722.00 |
| Total Number of Sheets in All Schedules ⇨ | | 15 | | | |
| Total Assets ⇨ | | | $11,800.00 | | |
| Total Liabilities ⇨ | | | | $47,245.38 | |

AMOUNTS SCHEDULED

In re:  **Rodney S. Davis and Marlene Moyer-Davis**                    **Case No.**

**Chapter    13**

**Last four digits of Social Security No.:    0197**

Debtors                                                      **1469**

# SCHEDULE  A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or  "C" in the column labeled "Hus., Wife, Joint, or Comm."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUS., WIFE, JOINT, OR COMM. | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |

Total: _____

() continuation sheet(s) attached

**In re: Rodney S. Davis and Marlene Moyer-Davis**                    **Case No.**

**Chapter    13**

**Last four digits of Social Security No.:   0197**
Debtors                                                    1469

# SCHEDULE  B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Hus., Wife, Joint, or Comm."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information requested in this schedule, do not include the name or  address of a minor child.  Simply state "a minor child".

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.    Cash on hand. | X | | | |
| 2.    Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Checking account-American Heritage Federal Credit Union | W | $150.00 |
| | | Checking account-Wachovia | H | $250.00 |
| 3.    Security deposits with public utilities, telephone companies, landlords, and others. | | Security deposit with landlord | | $1,700.00 |
| 4.    Household goods and furnishings, including audio, video, and computer equipment. | | Various household goods and furnishings | | $5,000.00 |
| 5.    Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.    Wearing apparel. | | various wearing apparel | | $950.00 |
| 7.    Furs and jewelry. | | Jewelry | | $250.00 |

_4_    continuation sheet(s) attached

In re: **Rodney S. Davis and Marlene Moyer-Davis**                    **Case No.**

                                                                      **Chapter    13**

**Last four digits of Social Security No.:  0197**
                                            **1469**
Debtors

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 8.    Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.    Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.   Annuities. Itemize and name each issuer. | X | | | |
| 11.   Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1).  Give particulars.  (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c); Rule 1007(b)). | X | | | |
| 12.   Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 13.   Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.   Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.   Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16.   Accounts receivable. | X | | | |

3   continuation sheet(s) attached

In re: **Rodney S. Davis and Marlene Moyer-Davis**                    **Case No.**

                                                                      **Chapter     13**

**Last four digits of Social Security No.:   0197**
Debtors                                     **1469**

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20.  Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles. | 1997 Mercury Villager (194,000 miles) (no equity above lien) | | | $3,500.00 |

  2    continuation sheet(s) attached

In re: **Rodney S. Davis and Marlene Moyer-Davis**          **Case No.**

**Chapter     13**

**Last four digits of Social Security No.:   0197**
Debtors                                                       **1469**

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |

_1_    continuation sheet(s) attached

In re:  **Rodney S. Davis and Marlene Moyer-Davis**                          **Case No.**

                                                                              **Chapter    13**

      **Last four digits of Social Security No.:  0197**
      Debtors                                     **1469**

# SCHEDULE  B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | | HUS., WIFE, JOINT, OR COMM. | CURRENT  VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| **35.  Other personal property of any kind not already listed. Itemize.** | **X** | | | |

| | | | |
|---|---|---|---|
| 0   continuation sheet(s) attached | | Total   ⇨ | $11,800.00 |

In re:  **Rodney S. Davis and Marlene Moyer-Davis**               **Case No.**

**Chapter    13**

**Last four digits of Social Security No.:   0197**
                                                    **1469**
Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under          ☐ **Check if debtor claims a homestead exemption that exceeds $125,000.**

☒ **11 U.S.C. 522(b)(2)**
☐ **11 U.S.C. 522(b)(3)**

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| Checking account-American Heritage Federal Credit Union | 11 USC § 522(d)(5) | $150.00 | $150.00 |
| Checking account-Wachovia | 11 USC § 522(d)(5) | $250.00 | $250.00 |
| Security deposit with landlord | 11 USC § 522(d)(5) | $1,700.00 | $1,700.00 |
| Various household goods and furnishings | 11 USC § 522(d)(3) | $5,000.00 | $5,000.00 |
| various wearing apparel | 11 USC § 522(d)(3) | $950.00 | $950.00 |
| Jewelry | 11 USC § 522(d)(4) | $250.00 | $250.00 |

* No equity above liens on 1997 Mercury Villager

0   continuation sheet(s) attached

In re:  **Rodney S. Davis and Marlene Moyer-Davis**

**Case No.**

| Last four digits of Social Security No.: | 0197 |
| --- | --- |
| Debtors | 1469 |

**Chapter    13**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐  **Check this box if debtor has no creditors holding secured claims to report on this Schedule D.**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUS., WIFE, JOINT, OR COMM | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Account No:<br>Chen Feng & Yun Lin Bi<br>c/o Sheldon Nerenberg<br>1531 Orthodox St<br>Philadelphia, PA  19124 | | | Date Incurred:<br>**Nature of Lien:** residential Lease,$850/mo.;arrears$4755<br><br>**VALUE:** | | | | $4,755.00 | $4,755.00 |
| Account No:<br>Marlton Auto Credit<br>733 E.<br>Route 70<br>Marlton, NJ  08053 | | | Date Incurred:<br>**Nature of Lien:** auto loan,$256/mo.;current<br>**Property:**<br>1997 Mercury Villager (194,000 miles)<br><br>**VALUE:** $3,500.00 | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| | (Total of this page) Subtotal ⇒ | $4,755.00 |
| --- | --- | --- |
| | Total ⇒ | $4,755.00 |

_0_    continuation sheet(s) attached

In re:  **Rodney S. Davis and Marlene Moyer-Davis**                  Case No.

                                                                        Chapter    13

**Last four digits of Social Security No.:   0197**

Debtors                                                    1469

# SCHEDULE  E -  CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided.  Only holders of unsecured claims entitled to priority should be listed in this schedule.  In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.  Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name.  See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community".  If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet.  Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  Repeat this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet.  Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule.  If applicable, also report this total on the Means Test form.

[X]  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITIES (Check the appropiate box(s) below if claims in that category are listed on the attached sheets)**

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of a debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,300* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

0    continuation sheet(s) attached

**In re: Rodney S. Davis and Marlene Moyer-Davis**

Case No.

Chapter    13

Last four digits of Social Security No.:   0197
1469

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m)  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No: *unts<br>American Heritage FCU<br>2060 Red Lion Road<br>Phila, PA  19115 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $8,989.00 |
| Account No:<br>Applied Card Bank<br>PO Box 10008<br>Huntington, WV  25770 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $753.00 |
| Account No: *unts<br>Asset Acceptance Corp<br>PO Box 2036<br>Warren, MI  48090-2036 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $3,782.00 |
| Account No:<br>Children's Place Plan<br>Processing Center<br>Des Moines, IA  50364-0001 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $510.00 |
| Account No:<br>Cingular<br>c/o Cavalry Portfolio<br>7 Skyline Drive, 3rd Floor<br>Hawthorne, NY  10532 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $686.00 |
| Account No:<br>Citibank<br>c/o Asset Accept<br>PO Box2036<br>Warren, MI  48090 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $707.00 |
| Account No:<br>Comcast<br>PO Box 3006<br>Southeastern, PA  19398-3006 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $322.00 |

(Total of this page)    Subtotal ⇒    **$15,749.00**

Total ⇒    **N/A**

2    continuation sheet(s) attached

In re: **Rodney S. Davis and Marlene Moyer-Davis**                          Case No.

Chapter     13

Last four digits of Social Security No.:     **0197**
                                             **1469**
Debtors

# SCHEDULE  F -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | C O D E B T O R | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Account No:**<br>Computer Finance<br>2425 Commerce Ave 2100<br>Duluth, GA  30096 | | | **Date Incurred:**<br>**Consideration for Claim:**<br>Debt | | | | $1,873.00 |
| **Account No:**<br>Credit Acceptance Corp<br>25505 W. 12 Mile  Road 3000<br>Southfield, MI  48034 | | | **Date Incurred:**<br>**Consideration for Claim:**<br>Debt | | | | $4,250.00 |
| **Account No:**<br>Directv<br>PO Box 830032<br>Baltimore, MD  21283-0032 | | | **Date Incurred:**<br>**Consideration for Claim:**<br>Debt | | | | $369.00 |
| **Account No:**<br>First Premier Bank<br>P.O. Box 5147<br>Sioux Falls, SD  57117-5147 | | | **Date Incurred:**<br>**Consideration for Claim:**<br>Debt | | | | $423.00 |
| **Account No:**<br>Gateway Computer<br>c/o Asset Accept<br>PO Box 2036<br>Warren, MI  48090 | | | **Date Incurred:**<br>**Consideration for Claim:**<br>Debt | | | | $3,075.00 |
| **Account No:**<br>Marlin Bank<br>c/o NCO<br>PO Box 41448<br>Philadelphia, PA  19101 | | | **Date Incurred:**<br>**Consideration for Claim:**<br>Debt | | | | $225.00 |
| **Account No:**<br>MCI Residential Service<br>PO Box 105271<br>Atlanta, GA  30348-5271 | | | **Date Incurred:**<br>**Consideration for Claim:**<br>Debt | | | | $546.87 |
| **Account No:**<br>Med. 1st Christophers Hosp Child<br>c/o Central Fincl Control<br>PO Box 14059<br>Orange, CA  92863 | | | **Date Incurred:**<br>**Consideration for Claim:**<br>Debt | | | | $517.00 |
| | | | (Total of this page)   Subtotal ⇒ | | | | **$11,278.87** |
| | | | Total ⇒ | | | | **N/A** |

1     continuation sheet(s) attached

In re:  **Rodney S. Davis and Marlene Moyer-Davis**

Case No.

Chapter    13

Last four digits of Social Security No.:    0197
1469

Debtors

# SCHEDULE  F -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CODEBTOR | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No:<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH  43215-2220 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $178.00 |
| Account No:<br>PECO<br>2301 Market Street<br>Philadelphia, PA  19103 | | | Date Incurred:<br>Consideration for Claim:<br>Utilities | | | | $3,709.24 |
| Account No:<br>PGW<br>1800 N.  9TH St.<br>Phila, PA | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $6,087.00 |
| Account No:<br>Sprint<br>c/o Allied Int.<br>3000 Corp. Road<br>Columbus, OH  43231 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $214.00 |
| Account No:<br>US Dept. of Education<br>PO Box 530260<br>Atlanta, GA  30353-0260 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $5,063.00 |
| Account No:<br>Verizon<br>PO Box 8585<br>Philadelphia, PA  19173 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $76.00 |
| Account No:<br>Water Revenue Bureau<br>1401 JFK Blvd.<br>Philadelphia, PA  19102-1663 | | | Date Incurred:<br>Consideration for Claim:<br>Debt | | | | $135.27 |
| | | | | | | | |

(Total of this page)  Subtotal  ⇨   $15,462.51

Total  ⇨   $42,490.38

0     continuation sheet(s) attached

In re:  **Rodney S. Davis and Marlene Moyer-Davis**                    Case No.

Chapter      13

**Last four digits of Social Security No.:  0197**

Debtors                                                     1469

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e. "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

☐  **Check this box if debtor has no executory contracts or unexpired leases.**

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| Chen Feng & Yun Lin Bi<br>c/o Sheldon Nerenberg<br>1531 Orthodox St<br>Philadelphia, PA  19124 | Debtor leases residence |

<u>0</u>    continuation sheet(s) attached

In re: **Rodney S. Davis and Marlene Moyer-Davis**                    **Case No.**

                                                                      **Chapter    13**

**Last four digits of Social Security No.:    0197**

Debtors                                                 **1469**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight  years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

**[X]**  **Check this box if debtor has no codebtors.**

| NAME AND ADDRESS OF CODEBTOR. | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |

0    continuation sheet(s) attached

In re:  **Rodney S. Davis and Marlene Moyer-Davis**          **Case No.**

                                                              **Chapter    13**

**Last four digits of Social Security No.:    0197**

Debtors                                       **1469**

# SCHEDULE  I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | Age |
| Married | Son | 6 |
| | Son | 9 |
| | Daughter | 11 |
| | Daughter | 13 |
| | Daughter | 14 |

**EMPLOYMENT**

| DEBTOR | | SPOUSE | |
|---|---|---|---|
| Occupation | Driver | Occupation | |
| Name of Employer | Fox Chase Cancer Hospital | Name of Employer | Unemployed |
| How long employed | 1 year | How long employed | |
| Address of Employer | 333 Cottman Ave | Address of Employer | |
| | Philadelphia, PA  19111 | | |

| Income:       (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| 1.  Current monthly gross wages, salary, and commissions (prorate if not paid monthly.) | $2,206.00 | $0.00 |
| 2.  Estimated monthly overtim | $0.00 | $0.00 |
| 3.  SUBTOTAL | $2,206.00 | $0.00 |
| 4.  LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $377.00 | $0.00 |
|    b. Insurance | $0.00 | $0.00 |
|    c. Union dues | $0.00 | $0.00 |
|    d. Other (Specify) : | $0.00 | $0.00 |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | $377.00 | $0.00 |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | $1,829.00 | $0.00 |
| 7.  Regular income from operation of business or profession or farm (attach detailed statement) | $0.00 | $0.00 |
| 8.  Income from real property | $0.00 | $0.00 |
| 9.  Interest and dividends | $0.00 | $0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. Social security or other government assistance (Specify | $0.00 | $0.00 |
| 12. Pension or retirement income | $0.00 | $0.00 |
| 13. Other monthly income (Specify) | $0.00 | $0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $0.00 | $0.00 |
| 15. TOTAL MONTHLY INCOME | $1,829.00 | $0.00 |
| 16. TOTAL COMBINED MONTHLY INCOME | | $1,829.00 |

l       continuation sheet(s) attached

In re:  **Rodney S. Davis and Marlene Moyer-Davis**                    **Case No.**

**Chapter    13**

**Last four digits of Social Security No.:    0197**

Debtors                                    **1469**

# SCHEDULE  I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

### (Continuation Sheet)

(Report also on Summary of Schedules)

**17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:**

Wife expects to begin employment shortly.

() continuation sheet(s) attached

In re:  **Rodney S. Davis and Marlene Moyer-Davis**                    **Case No.**

**Chapter    13**

**Last four digits of Social Security No.:  0197**
                                            **1469**

Debtors

# SCHEDULE  J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $850.00 |
|    a. Are real estate taxes included? | Yes _____ No **X** | |
|    b. Is property insurance included? | Yes _____ No **X** | |
| 2. Utilities:  a. Electricity and heating fue | | $125.00 |
|         b. Water and sewer | | $50.00 |
|         c. Telephone | | $40.00 |
|         d. Other | | $0.00 |
| 3. Home maintenance (repairs and upkeep) | | $0.00 |
| 4. Food | | $150.00 |
| 5. Clothing | | $20.00 |
| 6. Laundry and dry cleaning | | $0.00 |
| 7. Medical and dental expenses | | $0.00 |
| 8. Transportation (not including car payments) | | $100.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $0.00 |
| 10. Charitable contributions | | $0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|         a. Homeowner's or renter's | | $0.00 |
|         b. Life | | $0.00 |
|         c. Health | | $0.00 |
|         d. Auto | | $131.00 |
|         e. Other | | $0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|         Specify : | | $0.00 |
| 13. Installment payments: (In Chapter 11, 12 and 13 cases, do not list payments to be included in the pla | | |
|         a. Auto | | $256.00 |
|         b. Other | | $0.00 |
| 14. Alimony, maintenance, and support paid to others | | $0.00 |
| 15. Payments for support of additional dependents not living at your home | | $0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $0.00 |
| 17. Other : | | $0.00 |
| 18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | | $1,722.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

   None

| | | |
|---|---|---:|
| 20. STATEMENT OF NET MONTHLY INCOME | | |
|     a. Total monthly income from Line 16 of Schedule I | | $1,829.00 |
|     b. Total monthly expenses from Line 18 above | | $1,722.00 |
|     c. Monthly net income (a. minus b.) | | $107.00 |

0)   continuation sheet(s) attached

## UNITED STATES BANKRUPTCY COURT

### Eastern District of Pennsylvania

### Philadelphia Division

In re:                                                                    Chapter 13

Rodney S. Davis                                            Case Number: _____

Marlene Moyer-Davis

Debtors

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL/JOINT DEBTOR

We declare under penalty of perjury that we have read the foregoing summary and schedules, consisting of 16 sheets, and that they are true and correct to the best of our knowledge, information and belief.

Date:    03-Aug-2006            Signature:    /s/Rodney S. Davis
                                                            Rodney S. Davis

Date:    03-Aug-2006            Signature:    /s/Marlene Moyer-Davis
                                                            Marlene Moyer-Davis

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER  (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Print or Typed Name of Bankruptcy Petition Preparer                Social Security Number
                                                                                      (Required by 11 USC § 110)

Address                                        Tel . No.

Signature of Bankruptcy Petition Preparer                                    Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C § 110; 18 U.S.C. § 156.*

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, _____, _____ of the _____, named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 16 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____            Signature: _____
                                              Name: _____
                                              Title: _____

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Pennsylvania
### Philadelphia Division

In re: **Rodney S. Davis and Marlene Moyer-Davis**                    **Case No. _____**

## Statement Of Financial Affairs

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address or a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child.". See 11 U.S.C. § 112; Fed R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## *DEFINITIONS*

"IN BUSINESS." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor may also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"INSIDER." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

| None | **1. Income from employment or operation of business** |
|------|--------------------------------------------------------|
| [ ]  | State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

|   | Amount | Source (if more than one) | Year | Fiscal Year |
|---|--------|---------------------------|------|-------------|
| H | $12,878.00 |                        | 2006 | YTD         |
| H | $16,825.00 |                        | 2005 |             |
| H | $16,000.00 |                        | 2004 | est.        |

Form7. Statement of Financial Affairs

| W | $14,690.00 | 2005 | |
| W | $21,000.00 | 2004 | est. |

None
[ ]

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | **Amount** | **Source (if more than one)** | **Year** |
|---|---|---|---|
| W | $7,600.00 | Unemployment | 2006 |

**3. Payments to creditors**
***Complete A. or B., as appropriate, and C.***

None
[ ]

A. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| Only in the normal course | | | $0.00 |

None
[X]

B. *Debtors whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Dates of Payments / Transfers | Amount Paid or Value of Transfers | Amount Still Owing |
|---|---|---|---|

None
[X]

C. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor and Relationship to Debtor | Date of Payment | Amount Paid | Amount Still Owing |
|---|---|---|---|

Form7. Statement of Financial Affairs

None
[ ]

**4. Suits and administrative proceedings, executions, garnishments and attachments**

A. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| Landlord filed for eviction--See schedule D | | | |

None
[X]

B. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person for Whose Benefit Property was Seized | Date of Seizure | Description and Value of Property |
|---|---|---|

None
[X]

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property |
|---|---|---|

None
[X]

**6. Assignments and receiverships**

A. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Assignee | Date of Assignment | Terms of Assignment or Settlement |
|---|---|---|

**None**
**[X]**

B. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Custodian | Name and Location of Court, Case Title & Number | Date of Order | Description and Value of Property |
|---|---|---|---|

**None**
**[X]**

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Person or Organization | Relationship to Debtor, if any | Date of Gift | Description and Value of Gift |
|---|---|---|---|

**None**
**[X]**

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Description and Value of Property | Description of Circumstances and, If Loss was Covered in Whole or in Part By Insurance, Give Particulars | Date Of Loss |
|---|---|---|

**None**
**[ ]**

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| Name and Address of Payee | Date of Payment, Name of Payor if Other Than Debtor | Amount of Money or Description and Value of Property |
|---|---|---|
| Jenkins & Clayman see enclosed 2016(b) statement | | |
| Money Management | | Credit Counseling $50.00 |

**None**
**[X]**

**10. Other transfers**

A. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred and Value Received |
| --- | --- | --- |
| | | |

**None**
**[X]**

B. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| Name of Trust or Other Device | Date(s) of Transfer(s) | Amount of Money or Description and Value of Property or Debtor's Interest in Property |
| --- | --- | --- |
| | | |

**None**
**[X]**

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Type and Number of Account and Amount of Final Balance | Amount and Date of Sale or Closing |
| --- | --- | --- |
| | | |

**None**
**[X]**

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Bank or Other Depository | Name and Addresses of Those With Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, if any |
| --- | --- | --- | --- |
| | | | |

| None [X] | **13. Setoffs** |
|---|---|

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| **Name and Address of Creditor** | **Date of Setoff** | **Amount of Setoff** |
|---|---|---|

| None [X] | **14. Property held for another person** |
|---|---|

List all property owned by another person that the debtor holds or controls.

| **Name and Address of Owner** | **Description and Value of Property** | **Location of Property** |
|---|---|---|

| None [ ] | **15. Prior address of debtor** |
|---|---|

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| **Address** | **Name Used** | **Dates of Occupancy** |
|---|---|---|
| 5644 N. Lawrence Street Philadelphia, PA | | 2001-2004 |

| None [X] | **16. Spouses and Former Spouses** |
|---|---|

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**Name**

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

**None**
**[X]**

A. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

**None**
**[X]**

B. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

| Site Name and Address | Name and Address of Governmental Unit | Date of Notice | Environmental Law |
|---|---|---|---|

**None**
**[X]**

C. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| Name and Address of Governmental Unit | Docket Number | Status or Disposition |
|---|---|---|

**None**
**[X]**

**18. Nature, location and name of business**

A. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full-time or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| Name | Last Four Digits of Soc. Sec. No./ Complete EIN or Other Taxpayer I.D. No. | Address | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|---|

**None**
**[X]**

B. Identify any business listed in response to subdivision A., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

|  **Name**  |  **Address**  |
| --- | --- |

* * * * * *

*[If completed by an individual or individual and spouse]*

    I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.

Date      03-Aug-2006                           /s/Rodney S. Davis
                                             Signature of Debtor
                                             Rodney S. Davis

Date      03-Aug-2006                           /s/Marlene Moyer-Davis
                                             Signature of Joint Debtor, (if any)
                                           Marlene Moyer-Davis

*[If completed on behalf of a partnership or corporation]*

    I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date                              Signature _____

                              Print Name and Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

#### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER  (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1)  I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2)  I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name of Bankruptcy Petition Preparer      Social Security Number
*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

_____    _____
Signature of Bankruptcy Petition Preparer      Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.

Form7. Statement of Financial Affairs

## United States Bankruptcy Court
### Eastern District of Pennsylvania
### Philadelphia Division

In re:  **Rodney S. Davis and Marlene Moyer-Davis**

**Case No.**

**Chapter    13**

**Last four digits of Social Security No.:** 0197
Debtors                                      **1469**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES (28 U.S.C. § 159)
# [Individual Debtors Only]

Summarize the following types of liabilities, as reported in the Schedules, and total them

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Govenmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $0.00 |

**The foregoing information is for statistical purposes only under 28 U.S.C. § 159.**

Form B22C (Chapter 13) (10/05)

In re:    **Rodney S. Davis and Marlene Moyer-**
_____
Debtor(s)

Case Number:    _____
(If known)

| According to the calculations required by this statement: |
| --- |
| ☒ **The applicable commitment period is 3 years** |
| ☐ **The applicable commitment period is 5 years** |
| ☐ **Disposable income is determined under § 1325(b)(3)** |
| ☒ **Disposable income is not determined under § 1325(b)(3)** |
| (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# STATEMENT OF CURRENT MONTHLY INCOME AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME CALCULATION
### FOR USE IN CHAPTER 13

In addition to Schedules I and J, this statement must be completed by every individual Chapter 13 debtor, whether or not filing jointly.   Joint debtors may complete one statement only.

| | Part I.  REPORT OF INCOME | | Column A Debtor's Income | Column B Spouse's Income |
| --- | --- | --- | --- | --- |
| 1 | **Marital/filing status.**   Check the box that applies and complete the balance of this part of this statement as directed.<br><br>a.  ☐  Unmarried.  **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br><br>b.  ☒  Married.  **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.**<br><br>All figures must reflect average monthly income for the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If you received different amounts of income during these six months, you must total the amounts received during the six months, divide this total by six, and enter the result on the appropriate line. | | | |
| 2 | **Gross wages. salary, tips, bonuses, overtime, commissions.** | | $1,789.00 | $0.00 |
| 3 | **Income from the operation of a business, profession or farm.** Subtract Line b from a and enter the difference on Line 3. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
| | a. | Gross receipts | $0.00 | |
| | b. | Ordinary and necessary business expenses | $0.00 | |
| | c. | Business income | Subtract Line b from Line a | $0.00 | $0.00 |
| 4 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference on Line 14. Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | | |
| | a. | Gross receipts | $0.00 | |
| | b. | Ordinary and necessary operating expenses | $0.00 | |
| | c. | Rental income | Subtract Line b from Line a | $0.00 | $0.00 |
| 5 | **Interest, dividends and royalties.** | | $0.00 | $0.00 |
| 6 | **Pension and retirement income.** | | $0.00 | $0.00 |
| 7 | **Regular contributions to the household expenses of the debtor or the debtor's dependents, including child or spousal support.** Do not include contributions from the debtor's spouse. | | $0.00 | $0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act    Debtor    $0.00    Spouse    $1,267.00 | | $0.00 | $0.00 |
| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9.  **Do not include** benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>Total and enter on Line 9. | | $0.00 | $0.00 |

| 10 | **Subtotal.** Add lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B.  Enter the total(s). | $1,789.00 | $0.00 |
|---|---|---|---|
| 11 | **Total** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $1,789.00 |

## Part II.  CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11. | $1,789.00 |
|---|---|---|
| 13 | **Marital adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter the amount of the income listed in Line 10, Column B that was NOT regularly contributed to the household expenses of you or your dependents. Otherwise, enter zero. | $0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $1,789.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $21,468.00 |
| 16 | **Applicable median family income.**  Enter the median family income for the applicable state and household size.  (This information is available by family size at  www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:  ᵖennsylvania      b. Enter debtor's household size:         7 | $87,726.00 |
| 17 | **Application of § 1325(b)(4).**  Check the applicable box and proceed as directed.<br>[X] **The amount on Line 15 is less than the amount on Line 16.**   Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and complete part VII of this statement.  **Do not complete Parts III, IV, V or VI.**<br>[ ] **The amount on Line 15 is not less than the amount on Line 16** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with Part III of this statement. |

## Part III.  APPLICATION OF § 1325 (b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | $1,789.00 |
|---|---|---|
| 19 | **Marital adjustment.** If you are married but are not filing jointly with your spouse, enter the amount of the income listed in Line 10, Column B that was NOT regularly contributed to the household expenses of you or your dependents. If you are unmarried or married and filing jointly with your spouse, enter zero. | $0.00 |
| 20 | **Current monthly income for § 1325(b)(3).**   Subtract Line 19 from Line 18 and enter the result. | $1,789.00 |
| 21 | **Annualized current monthly income for § 1325(b)(3)** Multiply the amount from Line 20 by the number 12 and enter the result. | $21,468.00 |
| 22 | **Applicable median family income.**  Enter the amount from Line 16. | $87,726.00 |
| 23 | **Application of § 1325(b)(3).**   Check the applicable box and proceed as directed.<br>[ ] **The amount on Line 21 is more than the amount on Line 22.**  Check the box for "Disposable Income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br>[X] **The amount on Line 21 is not more than  the amount on Line 22** Check the box for "Disposable Income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement.     **Do not complete parts IV,V, and VI.** |

## Part IV.  CALCULATION OF DEDUCTIONS ALLOWED UNDER § 707(b)(2)

## Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24 | **National Standards:  food, clothing, household supplies, personal care, and miscellaneous.**    Enter the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable family size and income level.  (This information is available at  www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | |
|---|---|---|
| 25A | **Local Standards: housing and utilities; non-mortgage expenses.**    Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses  for the applicable county and family size. (This information is available at  www.usdoj.gov/ust/  or from the clerk of the bankruptcy court.) | |

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expenses for your county and family size (this information is available at _____www.usdoj.gov/ust/_____ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.     **Do not enter an amount less than zero.** | |
|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. |

| 26 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | |
|---|---|---|

| 27 | **Local Standards:  transportation; vehicle operation/public transportation expense.**  You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7.<br><br>☐ 0   ☐ 1   ☐ 2 or more<br><br>Enter the amount from IRS Transportation Standards, Operating Costs & Public Transportation Costs for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (This information is available at ____www.usdoj.gov/ust/____ or from the clerk of the bankruptcy court.) | |
|---|---|---|

| 28 | **Local Standards:  transportation ownership/lease expense; Vehicle 1**   Check the number of vehicles for which you claim an ownership/lease expense.  (You may not claim an ownership/lease expense for more than two vehicles.)<br>☐ 1   ☐ 2 or more<br>Enter, in a line below, the amount of the IRS Transportation Standards, Ownership Costs, First Car (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.     **Do not enter an amount less than zero.** | |
|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, First Car | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| 29 | **Local Standards:  transportation ownership/lease expense; Vehicle 2.**     Complete this line only if you checked the "2 or more" Box in Line 28.<br>Enter, in the line below, the amount from IRS Transportation Standards, Ownership Costs, Second Car (available at _____www.usdoj.gov/ust/_____ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.     **Do not enter an amount less than zero.** | |
|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs, Second Car | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| 30 | **Other Necessary Expenses: taxes.**   Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes.   **Do not include real estate or sales taxes.** | |
|---|---|---|

| 31 | **Other Necessary Expenses: mandatory payroll deductions.**    Enter the total average monthly payroll deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as non-mandatory 401(k) contributions.** | |
|----|----|----|
| 32 | **Other Necessary Expenses: life Insurance.**   Enter average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | |
| 33 | **Other Necessary Expenses: court-ordered payments.**   Enter the total monthly amount that you are required to pay pursuant to court order, such as spousal or child support payments.    **Do not include payments on past due support obligations included in Line 49.** | |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.**    Enter the total monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | |
| 35 | **Other Necessary Expenses: childcare.**   Enter the average monthly amount that you actually expend on childcare. **Do not include payments made for children's  education.** | |
| 36 | **Other Necessary Expenses: health care.**    Enter the average monthly amount that you actually expend on health care expenses that are not reimbursed by insurance or paid by a health savings account. **Do not include payments for health insurance listed in Line 39.** | |
| 37 | **Other Necessary Expenses: telecommunication services.** Enter the average monthly expenses that you actually pay for cell phones, pagers, call waiting, caller identification, special long distance or internet services necessary for the health and welfare of you or your dependents.    **Do not include any amount previously deducted.** | |
| 38 | **Total Expenses Allowed under IRS Standards.**    Enter the total of Lines 24 through 37. | |
| | **Subpart B:  Additional Expense Deductions under § 707(b)** **Note: Do not include any expenses that you have listed in Lines 24-37** | |
| 39 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.**    List the average monthly amounts that you actually expend in each of the following categories and enter the total.<br><table><tr><td>a.</td><td>Health Insurance</td><td></td></tr><tr><td>b.</td><td>Disability Insurance</td><td></td></tr><tr><td>c.</td><td>Health Savings Account</td><td></td></tr><tr><td></td><td>Total: Add Lines a, b and c</td><td></td></tr></table> | |
| 40 | **Continued contributions to the care of household or family members.**    Enter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.  **Do not include payments listed in Line 34.** | |
| 41 | **Protection against family violence.**    Enter any average monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Protection and Services Act or other applicable federal law. | |
| 42 | **Home energy costs in excess of the allowance specified by the IRS Local Standards.** Enter the average monthly amount by which your home energy costs exceed the allowance in the IRS Local Standards for Housing and Utilities. **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | |
| 43 | **Educational expenses for dependent children less than 18.**    Enter the average monthly expenses that you actually incur, not to exceed $125 per child, in providing elementary and secondary education for your dependent children less than 18 years of age.  **You must provide your case trustee with documentation demonstrating that the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | |
| 44 | **Additional food and clothing expenses.**   Enter the average monthly amount by which your food and clothing expenses exceed the combined allowances for food and apparel in the IRS National Standards, not exceed five percent of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  **You must provide your case trustee with documentation demonstrating that the additional amount claimed is reasonable and necessary.** | |
| 45 | **Continued charitable contributions.**   Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | |
| 46 | **Total Additional Expense Deductions under § 707 (b).**    Enter the total of Lines 39 through 45. | |

| | **Subpart C:  Deductions for Debt Payment** | |
|---|---|---|
| 47 | **Future payments on secured claims.**    For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment.  The Average Monthly Payment is the total of all amounts contractually due  to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page.<br><br>Total and enter on Line 47 | |
| 48 | **Past due payments on secured claims.**  If any of the debts listed in Line 47 are in default, and the property securing the debt is necessary for your support or the support of your dependents, you may include in your deductions 1/60th of the amount that you must pay the creditor as a result of the default (the "cure amount") in order to maintain possession of the property.  List any such amounts in the following chart and enter the total.  If necessary, list additional entries on a separate page.<br><br>Total and enter on Line 48 | |
| 49 | **Payments on priority claims.**    Enter the total amount of all priority claims (including priority child support and alimony claims), divided by 60. | |
| 50 | **Chapter 13 administrative expenses.**       Multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |

| | | | |
|---|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | | |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees.  (This information is available at  www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | |

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.**    Enter the total of Lines 47 through 50. | |
| | **Subpart D:  Total Deductions Allowed under § 707(b)(2)** | |
| 52 | **Total of all deductions allowed under § 707 (b)(2).**    Enter the total of Lines 38, 46, and 51. | |

| | **Part V.  DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | |
|---|---|---|
| 53 | **Total current monthly income.**    Enter the amount from Line 20. | |
| 54 | **Support Income.**  Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, included in Line 7, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | |
| 55 | **Qualified retirement deductions.**    Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19). | |
| 56 | **Total of all deductions allowed under § 707(b)(2).**    Enter the amount from Line 52. | |
| 57 | **Total adjustments to determine disposable income.**    Add the amounts on Lines 54, 55 and 56 and enter the result. | |
| 58 | **Monthly Disposable Income Under § 1325 (b)(2).**    Subtract Line 57 from Line 53 and enter the result. | |

| | Part VI:  ADDITIONAL EXPENSE CLAIMS |
|---|---|
| 59 | **Other Expenses.**List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses.<br><br>Total and enter on Line 59                                                                                                                          $0.00 |

| | Part VII:  VERIFICATION |
|---|---|
| 60 | I declare under penalty of perjury that the information provided in this statement is true and correct.      *(If this is a joint case, both debtors must sign.)*<br><br>Date  August 3, 2006                    Signature:  /s/Rodney S. Davis<br>(Debtor)<br><br>Date  August 3, 2006                    Signature:  /s/Marlene Moyer-Davis<br>(Joint Debtor, if any) |

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Pennsylvania**
**Philadelphia Division**

In re:                                                                    Chapter 13

Rodney S. Davis                                         Case Number: _____

Marlene Moyer-Davis

Debtors

**DECLARATION OF DEBTOR REGARDING ANTICIPATED INCREASES IN INCOME AND EXPENSES WITHIN 12 MONTHS OF PETITION DATE**

I (we), the undersigned debtor(s), declare that I (we) anticipate increases in my (our) income and expenses within 12 months of the petition date in this case as follows.

**Anticipated Increases in Income:**

Debtor (Wife) expects to gain employment.

**Anticipated Increases in Expenses:**

N/A

I (we) declare under penalty of perjury that the foregoing is true and correct to the best of my (our) knowledge.

Date:    03-Aug-2006          Signature:    /s/Rodney S. Davis
                                                             Rodney S. Davis

Date:    03-Aug-2006          Signature:    /s/Marlene Moyer-Davis
                                                             Marlene Moyer-Davis

Stephanie F. Ritigstein
Jenkins & Clayman
412 White Horse Pike
Audubon, NJ 08106
Tel: (856) 546-9696
Fax: (856) 546-7013
**Attorney for Petitioners**

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Pennsylvania
### Philadelphia Division

In re:                                                                                    Chapter 13
Rodney S. Davis                                              Case Number: _____
Marlene Moyer-Davis
Debtors

## VERIFICATION OF CREDITOR MAILING MATRIX

The above named debtors or debtors' attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of 5 pages including this declaration, is complete, correct and consistent with the debtors' schedules pursuant to the local bankruptcy rules and we assume all responsibility for errors and omissions.

Dated: Thursday, August 03, 2006

/s/Rodney S. Davis
Rodney S. Davis
Debtor

/s/Marlene Moyer-Davis
Marlene Moyer-Davis
Joint Debtor

/s/Stephanie F. Ritigstein
Stephanie F. Ritigstein
Attorney for Petitioners

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Pennsylvania
### Philadelphia Division

In re:                                                                                          Chapter 13

Rodney S. Davis                                                      Case Number: _____

Marlene Moyer-Davis

Debtors

## Disclosure of Compensation of Attorney for Debtor

1.      Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept............................................................. | $2,995.00 |
| Prior to the filing of this statement I have received................................................. | $421.00 |
| Balance Due................................................................................................ | $2,574.00 |

2.      The source of the compensation paid to me was:
         [X] Debtor [  ] Other (specify)

3.      The source of compensation to be paid to me is:
         [X] Debtor [  ] Other (specify)

4.      [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

5.      In return for the above fee, I have agreed to render legal service for the following aspects of the bankruptcy case, including:
         a.      Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
         b.      Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
         c.      Representation of the debtor at the meeting of creditors and confirmation hearing.

         d.      Other:
                 $274.00 filing fee has been paid.

6.      By agreement with the debtor(s), the above-disclosed fee does not include the following services:
                 All services not specifically enumerated above(including, but not limited to: extra hearings, defense of motions, filing of motions, adversary proceedings, etc.)

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Date:      03-Aug-2006                                    /s/Stephanie F. Ritigstein

                                                          Signature of Attorney
                                                          Stephanie F. Ritigstein
                                                          Jenkins & Clayman